UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 4398

DOC #____

JUDGE OWEN

2005 MAY -5 AM 9:06
S.D. OF N.Y.

------------------------------------------------------------ X
DAN BASSICHUS, MARTIN BAUMRIND,
JERRY Y. CARNEGIE, MARK CONGRESS, :
CHRISTINE DRAGO, LOU DRAGO, AND :
GOLDSTEIN, BERNARD JACOBS, ARNOLD
LICHT, STUART LOW, MAHMOUD S. OKASHA,:
JOHN PRUFETA, CURTIS W. STEWART,
JEFFREY WEISBERG, JOSEPH WEISSBERG, H. :
JAY WISNICKI, ANN WYLIE, and JOHN WYLIE,
                                               :
                    Plaintiffs,
                                               :

         -against-                             :

SIGHT 4 KIDS, INC., a Florida Corporation,     :
MEDICAL TECHNOLOGY INDUSTRIES, INC., a :
Florida corporation, MEDICAL TECHNOLOGY
AND INNOVATIONS, INC, a Florida corporation,   :
JEREMY P. FEAKINS, JAMES HOWSON,
DENNIS A. SUROVCIK,                            :           VERIFIED COMPLAINT

                    Defendants.                :

                                               :
------------------------------------------------------------ X


         Plaintiffs, by their undersigned counsel, allege for their complaint against the defendants

as follows:

                         NATURE OF THE ACTION

         1.      Plaintiffs bring this action pursuant to section 12 of the Securities Act of 1933

(the "1933 Act"), 15 U.S.C. §77l; sections 10(b) and 20(a) of the Securities Exchange Act of

1934 (the "1934 Act"), and the common law of fraud, breach of contract, breach of fiduciary

duty, and further equitable relief, in connection with defendants' fraudulent sale of securities to

the plaintiffs, and subsequent diversion of corporate assets and other mismanagement of the

enterprise described herein.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is based upon section 22 of the 1933 Act, 15 U.S.C. §77v; section 27 of the 1934 Act, 15 U.S.C. §78aa; 28 U.S.C. §1331; and 28 U.S.C. §1367.

3.      At least one of the defendants had an office during the time of the transactions complained of herein, and conducted and transacted business in the Southern District of New York during that time.  Additionally, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in the Southern District of New York.  Accordingly, venue is proper in this District pursuant to 28 U.S.C. §1441(b).

## PARTIES

4.      Plaintiff Dan Bassichus is an individual residing in the County of New York, State of New York.

5.      Plaintiff Martin Baumrind is an individual residing in the County of Kings, State of New York.

6.      Plaintiff Jerry Y. Carnegie is an individual residing in Cos Cob, Connecticut.

7.      Plaintiff Mark Congress is an individual residing in Woodside, California.

8.      Plaintiff Christine Drago is an individual residing in Guilford, Connecticut.

9.      Plaintiff Lou Drago is an individual residing in Guilford, Connecticut.

10.      Plaintiff Andrew Goldstein is an individual residing in Stamford, Connecticut.

11.      Plaintiff Bernard Jacobs is an individual residing in the County of Putnam, State of New York.

12.      Plaintiff Arnold Licht is an individual residing the County of Kings, State of New

York.

13.    Plaintiff Stuart Low is an individual residing in Guilford, Connecticut.

14.    Plaintiff Mahmoud S. Okasha is an individual residing in Essex, Connecticut.

15.    Plaintiff John Prufeta is an individual residing in the County of Nassau, State of New York.

16.    Plaintiff Curtis W. Stewart is an individual residing in the County of Westchester, State of New York.

17.    Plaintiff Jeffrey Weisberg, is an individual residing in the County of New York, State of New York.

18.    Plaintiff Joseph Weissberg is an individual residing in Guilford, Connecticut.

19.    Plaintiff H. Jay Wisnicki, is an individual residing in the County of New York, State of New York.

20.    Plaintiff Ann Wylie is an individual residing in Olney, Maryland.

21.    Plaintiff John Wylie is an individual residing in Olney, Maryland.

22.    Defendant Sight 4 Kids, Inc. ("S4K") is a corporation organized and existing under the law of the State of Florida, and listing its corporate offices at 1841 Broadway, New York, New York 10023.

23.    Defendant Medical Technology Industries, Inc. ("MTI") is a corporation organized under the law of the State of Florida, and having its principal place of business at 3725 Investment Lane, Riviera Beach, Florida 33404, which was dissolved sometime during October 2004.

24.    Defendant Medical Technology and Innovations, Inc. is a corporation organized

and existing under the laws of the State of Florida, having its principal place of business at 1200

West Penn Grant Road, Lancaster, Pennsylvania 17603.

25.     Defendant Jeremy P. Feakins is, and at all times relevant to the allegations of this

complaint was, Chairman of the Board of Directors of S4K and MTI.  Defendant Feakins is also

a director of Medical Technology and Innovations, Inc.

26.     Defendant James Howson is, and at all times relevant to the allegations of this

complaint was, a Director of S4K and MTI.

27.     Defendant Dennis A. Surovcik is, and at all times relevant to this complaint was,

the Senior Financial Consultant of S4K and MTI.  Defendant Surovcik is also a director of

Medical Technology and Innovations, Inc.

SUBSTANTIVE ALLEGATIONS

28.     MTI was organized by the individual defendants sometime in 2002 purportedly to

exploit a new proprietary technology involving the early detection of eye problems in young

children.  In this connection, defendants sought to raise capital.  MTI was apparently dissolved in

2003 for failure to file an annual statement with the Florida Secretary of State and was reinstated

on or about September 30, 2003 by the filing by defendant Jeremy P. Feakins of a supplemental

report with the Secretary of State.  In or about September 2003, MTI issued a private placement

offering memorandum and related written promotional materials seeking to place up to

$2,000,000 face value in unsecured notes which were stated to yield 10% per annum and were to

become due on October 31, 2005.  Together with the notes, investors would receive a warrant to

purchase 25,000 shares, at an exercise price of $0.01 per share, of the common stock of MTI for

each note they purchased, which note had a face value of $25,000.00.  These warrants were

-4-

exercisable at any time after issuance and before the expiration date of October 31, 2005.

29.     The offering memorandum described in paragraph 28 above referred to MTI as

doing business as ("d/b/a") "Sight 4 Kids."  No reference is made to S4K as a separate corporate

entity in the offering memorandum or other materials.  Also, no mention was made that MTI had

been dissolved and only reinstated as a corporation on September 30, 2003, subsequent to the

issuance of the offering materials described above.

30.     The closing of the offering described in paragraph 28 above occurred on or about

January 21, 2004 in New York City.

31.     Plaintiffs purchased the notes and warrants pursuant to and in reliance upon the

representations contained in the offering memorandum and supporting materials described in

paragraph 28, as follows:

| Plaintiff | Notes Purchased | Warrants Exercised |
| --- | --- | --- |
| Jeffrey Weisberg, M.D. | $ 100,000 | 100,000 |
| H. Jay Wisnicki, M.D. | 100,000 | |
| Curtis W. Stewart | 200,000 | 200,000 |
| Martin Baumrind | 25,000 | |
| Arnie Licht | 25,000 | |
| Dan Bassichus | 50,000 | |
| Andrew Goldstein | 75,000 | |
| Joseph Weissberg | 50,000 | |
| Lou Drago & Christine Drago (jointly) | 50,000 | 50,000 |
| John Wylie & Ann Wylie (jointly) | 75,000 | |

| | | |
|---|---|---|
| Bernard Jacobs, M.D. | 25,000 | 25,000 |
| Jerry Y. Carnegie | 100,000 | 100,000 |
| Mahmoud S. Okasha, M.D. | 50,000 | 50,000 |
| John Prufeta | 25,000 | |
| Stuart Low | 50,000 | |
| Mark Congress | 100,000 | 100,000 |

32.     S4K was separately organized by the individual defendants by filing articles of incorporation with the Florida Secretary of State on or about January 31, 2003. The directors of S4K indicated in its filings with the Secretary of State were and are defendants Jeremy P. Feakins and James Howson. No mention was made in the MTI offering materials described in paragraph 28 above that S4K existed at the same time as MTI d/b/a "Sight 4 Kids" and that both entities were managed by the same individuals.

33.     On or about March 15, 2004, S4K caused to be issued a private placement offering memorandum wherein it sought to sell 11,000,000 shares of the common stock of S4K at the price of $0.50 per share, for total gross proceeds of $5,500,000.00. No mention is made in this offering memorandum of the fact that S4K existed at the same time as MTI d/b/a "Sight 4 Kids" and that both entities were managed by the same individuals. Rather, the March 2004 offering memorandum confuses the two entities and misleadingly suggests that the common stock to be issued is the stock of MTI d/b/a "Sight 4 Kids" rather than the separate corporate entity S4K. This offering memorandum was distributed by defendants to the plaintiffs in the hope that plaintiffs, having previously subscribed to the note offering, would also subscribe to

this stock offering.

34.    No interest was ever paid at any time on the notes and accordingly, said notes were in default from the time the first interest payment became due on March 31, 2004.

35.    Defendants apparently failed again to file an annual report for MTI with the Florida Secretary of State and the Secretary administratively dissolved MTI once again on or about October 1, 2004.  Nevertheless, defendants continued to mislead the plaintiffs by confusing MTI d/b/a "Sight 4 Kids", the corporate entity which had issued the notes which the plaintiffs purchased, with S4K, a separate corporate entity which had issued common stock as described in paragraph 33 above.  Nothing in the March 15, 2004 offering memorandum stated that S4K was assuming the note obligations of MTI.  Instead, defendants deliberately used the name "Sight 4 Kids" interchangeably as to both entities to create the false impression that there was still a viable business in existence which could pay the plaintiffs' notes and give potential value to their stock and warrants, and in order to obfuscate the true facts and lull plaintiffs into not taking any action against the defendants.

36.    The September 2003 offering memorandum stated that the intended use of the proceeds of the $2,000,000 note offering was for working capital, research and development, marketing and sales, and fixed assets.  However, defendants did not intend to use the proceeds as stated at the time the memorandum was distributed to plaintiffs.  Instead, defendants intended to and did use the proceeds the proceeds to pay off prior debts owed to creditors of prior corporations owned by them, and to draw excessive salaries and other remuneration, in an amount exceeding $1,000,000, substantially all the proceeds raised in the note offering, all in contradiction to their representations in the offering materials.  Furthermore, instead of using the

-7-

proceeds of the note offering to develop the proprietary technology of MTI as defendants stated they intended to do, defendants sold this proprietary technology to another entity for inadequate consideration, and took for themselves an interest in the different entity acquiring the technology in a self-dealing transaction.

37.     In connection with the transactions and business plans described and contemplated in both offering memoranda, defendants leased certain land and buildings in Lancaster, Pennsylvania.  The land and buildings so leased were in fact owned by a partnership consisting of defendants Feakins and Howson.  No disclosure of this self-dealing transaction was made in any of defendants' communications, including the offering memoranda, to plaintiffs or other potential investors in the MTI/S4K enterprises.

38.     In addition, the individual defendants were the principals behind an enterprise known as "Medical Technologies and Innovations, Inc." which also claimed proprietorship to the same eye screening technology claimed by MTI.  Medical Technologies and Innovations, Inc. entered into an agreement with Luxotica, the corporate owner of the "Lenscrafters" chain of optometry stores, to license this eye screening technology for use in its stores throughout the United States.

39.     Luxotica purportedly breached its agreement with Medical Technology and Innovations, Inc. to use the eye screening technology, and the matter was sent for arbitration before a panel of arbitrators in Cincinnati, Ohio.  The matter was heard before the arbitration panel during the week of March 21, 2005 and, upon information and belief, a decision is pending.  The potential award to Medical Technology and Innovations, Inc. is expected to range between $5,000,000 to $50,000,000.

-8-

40.     The individual defendants so commingled the assets of Medical Technology and Innovations, Inc. and MTI that the two formally separate enterprises should be deemed to be one and the same enterprise.   Defendants Feakins and Howson used a great part of the money raised from plaintiffs in the note offering to prosecute the arbitration against Luxotica.  Thus, any award for breach of the licensing agreement from Luxotica properly belongs to the receivers of MTI (now a dissolved corporation) and its creditors, including the plaintiff note holders.  Defendants should not be allowed to reap the benefit of their fraudulent scheme and subterfuge in their use of several corporate entities which they all controlled to deprive plaintiffs of the benefit of their investment.

<u>FIRST CLAIM FOR RELIEF</u>

41.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

42.     This Claim for Relief is alleged against defendants MTI,  Jeremy P. Feakins, James Howson, and Dennis A. Surovcik pursuant to section 12 of the 1933 Act.

43.     Defendants, in connection with the transactions described above, offered or sold a security, by the use of means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which included untrue statements of a material fact or omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.

44.     Plaintiffs did not know, and in the exercise of due diligence could not have known, about the misleading nature of defendants statements.  Plaintiffs would not have purchased their securities had they known the truth concerning their investments.

45.     Plaintiffs have suffered substantial damages as a proximate result of defendants'

misconduct.

46.    For these reasons, defendants are liable to plaintiffs pursuant to section 12 of the 1933 Act.

SECOND CLAIM FOR RELIEF

47.    Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

48.    This Claim for relief is alleged against defendants MTI, Feakins, Howson and Surovcik pursuant to section 10(b) of the 1934 Act and SEC Rule 10b-5 promulgated thereunder [17 CFR §240.10b-5].

49.    Defendants have, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) Employed devices, schemes, or artifices to defraud,

(b) Made untrue statements of a material fact or to omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and

(c) Engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon plaintiffs, in connection with the purchase or sale of a security.

50.    Defendants knew, or in the exercise of due diligence should have known, that the statements they made were materially misleading and they intended that plaintiffs would rely on these statements.

51.    Plaintiffs reasonably relied on these misleading statements but did not know, and in the exercise of due diligence could not have known, about the misleading nature of defendants statements.  Plaintiffs would not have purchased their securities had they known the truth

concerning these investments.

52.     Plaintiffs have suffered substantial damages as a proximate result of defendants' misconduct.

53.     For these reasons, defendants are liable to plaintiffs pursuant to section 10(b) of the 1934 Act and SEC Rule 10b-5 promulgated thereunder.

<u>THIRD CLAIM FOR RELIEF</u>

54.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

55.     This Claim for Relief is brought against defendants Feakins, Howson and Surovcik pursuant to section 20(a) of the 1934 Act.

56.     Defendants are "controlling persons" of MTI and S4K within the meaning of section 20 of the 1934 Act.

57.     For these reasons, defendants are liable to plaintiffs jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable.

<u>FOURTH CLAIM FOR RELIEF</u>

58.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

59.     This Claim for Relief is alleged against all defendants pursuant to the common law of fraud.

60.     Defendants made materially false and misleading statements and omitted to state facts which they were under a duty to disclose in order to make the statements made, in light of the circumstances in which they were made, not misleading.  Defendants knew the statements they made were materially false and misleading.

-11-

61.     Plaintiffs reasonably relied on defendants' false and misleading statements, and did not know, and in the exercise of due diligence could not have known, of the misleading character of these statements.  Plaintiffs would not have purchased or retained their securities from defendants had they known the true facts concerning their investments.

62.     Defendants intended that plaintiffs rely upon their false and misleading statements in order to induce plaintiffs to purchase and retain the securities described herein and to forgo taking action against the defendants at an earlier time.

63.     Plaintiffs suffered substantial damages as a proximate result of defendants' misconduct.

64.     For the foregoing reasons, defendants are liable to plaintiffs for common law fraud.

## FIFTH CLAIM FOR RELIEF

65.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

66.     This Claim for Relief is alleged against defendant MTI for breach of contract.

67.     The notes described above constitute a contract between MTI and the plaintiffs for the payment of money in accordance with the terms of the notes.

68.     MTI did not pay plaintiffs in accordance with the notes or otherwise.

69.     Payment has been duly demanded and refused.

70.     Plaintiffs have suffered substantial damages as a proximate result of MTI's breach of its agreement.

71.     For these reasons, MTI is liable to plaintiffs for breach of contract.

## SIXTH CLAIM FOR RELIEF

72.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

73.     This Claim for Relief is alleged against defendants Feakins, Howson and Surovcik for breach of fiduciary duty.

74.     As directors of MTI and S4K, defendants owed to plaintiffs fiduciary duties of care, loyalty, candor, fidelity and fair dealing, and to avoid conflicts of interest, and if such conflicts cannot be avoided, then to resolve any such conflicts in favor of the plaintiffs.

75.     By engaging in the acts of self dealing, subterfuge and fraud described above, defendants breached their fiduciary duties owed to plaintiffs.

76.     Plaintiffs suffered substantial damages as a proximate result of defendants' misconduct.

77.     For these reasons, defendants are liable to plaintiffs for breach of fiduciary duty.

## SEVENTH CLAIM FOR RELIEF

78.     Plaintiffs repeat and reallege all the previous allegations as if set forth at length.

79.     This Claim for Relief is alleged against all defendants for injunctive relief.

80.     Defendants have, in concert, conspired to use the proprietary technology of MTI, the technology that was the basis for inducing plaintiffs to invest in MTI's notes and warrants, through Medical Technology and Innovations, Inc. in order to benefit themselves at the expense of plaintiffs, and thereby caused Medical Technology and Innovations, Inc., which the individual defendants control, to enter into valuable contracts with Luxotica, the corporate parent of the "Lenscrafters" chain of optical stores.  Medical Technology and Innovations, Inc. has recently concluded an arbitration against Luxotica an expects to be awarded between $5,000,000 to

-13-

D.      Granting such other, further and different relief as may be just and equitable in the

premises.

Dated: New York, New York
       April 28, 2005                        ARTHUR P. FISCH, P.C.

                                   By:  _Andrew Davidovits_____
                                        Andrew Davidovits (AD-5084)
                                        25 Joralemon Street
                                        Brooklyn, N.Y. 11201
                                        Tel. (212) 349-6700

                                        Attorney for Plaintiffs

-15-

## VERIFICATION

STATE OF NEW YORK        )
                                          :        ss.:
COUNTY OF  *Kings*          )


I, MARTIN BAUMRIND, being first duly sworn, depose and say that: I am one of the

plaintiffs in the within action; I have read the within complaint and know the contents thereof;

and that the same are true upon my personal knowledge, except as to those matters stated upon

information and belief and, as to those matters, I believe them to be true.


_____
Martin Baumrind


SWORN TO BEFORE ME this
_21__ day of _April___, 2005

_____
Notary Public Fisch
Notary Public-State of New York
No. 02FI4928994
Qualified in Kings Co.
Commission Expires April 4, 20__ 7/24/06